UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

TERRY EUGENE PARKS                                                              PLAINTIFF

v.                                       No. 2:17-CV-02047

SEBASTIAN COUNTY, ARKANSAS, et al.                                         DEFENDANTS

**OPINION AND ORDER**

Before the Court is Defendants' corrected motion (Doc. 51) for summary judgment, brief in support (Doc. 47) and corrected[1] statement of facts in support (Doc. 52). Plaintiff has filed a response (Doc. 53), brief (Doc. 54), and responsive statement of facts (Doc. 55) in opposition to the motion for summary judgment. Defendants have filed a reply (Doc. 60). The motion for summary judgment will be granted in part.

The motion will be granted with respect to all individual capacity claims. Nowhere in his complaint does Plaintiff clearly and unambiguously state that any Defendant is sued in an individual capacity. Accordingly, each is sued only in his or her official capacity. *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018) (citing *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999)).

The motion will also be granted insofar as all County officials named as Defendants will be dismissed. Official capacity damages claims naming a government official in an official capacity are claims against the office, and not the government official. *Baker v. Chisom*, 501 F.3d 920, 925 (8th Cir. 2007). Each Defendant named in an official capacity is an official for Defendant

---

[1] Defendants filed their motion for summary judgment (Doc. 46) and statement of facts (Doc. 48) on April 13, 2018, along with the brief in support (Doc. 47). The filing was timely under the Court's scheduling order (Doc. 41). Defendants omitted the names of several Defendants from the caption of statement of facts and from the initial paragraph of the motion. Defendants were permitted to file a corrected motion and statement of facts.

1

Sebastian County, Arkansas ("the County"). (Doc. 1, ¶¶ 3–5; Doc. 24, ¶ 2; Doc. 26, ¶ 2; Doc. 32, ¶ 2). Claims against those named Defendants are redundant to the claims against the County, and the named Defendants will be dismissed on that basis. *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010).

The motion will also be granted with respect to all John Doe Defendants, to the extent a claim would remain pending following dismissal for the reasons above. No proof of service has been filed for any John Doe Defendant, nor has a motion to extend the time to service been filed. The complaint also lacks any particular allegations against a John Doe. Dismissal against these Defendants is proper. *Lee v. Airgas Mid-South, Inc.*, 793 F.3d 894 (8th Cir. 2015).

This leaves only Plaintiff's claims against the County. Plaintiff brings claims under 42 U.S.C. § 1983 for violations of his federal constitutional rights and under the Arkansas Civil Rights Act ("ACRA"), Ark. Code Ann. § 16-123-105 for violations of his state constitutional rights. Plaintiff's claims arise out of the County's alleged failure to address his medical needs while he was in their custody. Both § 1983 claims and ACRA[2] claims premised on a disregard of a detainee's medical needs require a showing that Plaintiff had an objectively serious medical need and officials were deliberately indifferent to that need. *Fourte v. Faulkner County, Ark.*, 746 F.3d 384, 387 (8th Cir. 2014). For the County to be liable, the deliberate indifference of its officials must have been "pursuant to an official custom, policy, or practice of the governmental entity." *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009) (citing *Monell v. N.Y. Dep't of Soc. Servs.*, 436 U.S. 658, 690–92 (1978)). "There are two basic circumstances under which [governmental]

---

[2] In analyzing ACRA claims, the State of Arkansas looks for guidance to state and federal decisions interpreting 42 U.S.C. § 1983. Ark. Code Ann. § 16-123-105(c). Arkansas has adopted the federal deliberate indifference standard to analyze ACRA claims arising from an official's failure to meet a pretrial detainee's medical needs. *Grayson v. Ross*, 253 S.W.3d 428, 433 (Ark. 2007).

liability will attach: (1) where a particular [governmental] policy or custom itself violates federal law, or directs an employee to do so; and (2) where a facially lawful municipal policy or custom was adopted with 'deliberate indifference' to its known or obvious consequences." *Id*. at 817–18. "An unconstitutional governmental policy can be inferred from a single decision taken by the highest official responsible for setting policy in that area of the government's business." *Dean v. Cnty of Gage, Neb.*, 807 F.3d 931, 940–41 (8th Cir. 2015) (quoting *Angarita v. St. Louis Cnty.*, 981 F.2d 1537, 1546 (8th Cir. 1992)). Additionally,

> when a subordinate's decision is subject to review by the [governmental body]'s authorized policymakers, they have retained the authority to measure the official's conduct for conformance with *their* policies. If the authorized policymakers approve a subordinate's decision and the basis for it, their ratification would be chargeable to the [governmental body] because their decision is final.

*Williams v. Butler*, 863 F.2d 1398, 1402 (8th Cir. 1988) (quoting *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988)).

To overcome a motion for summary judgment, Plaintiff must cite to evidence in the record that establishes a genuine dispute of material fact remains for trial. Fed. R. Civ. P. 56(c). Plaintiff has cited evidence establishing a genuine dispute of material fact with respect to whether Sebastian County Detention Center personnel were deliberately indifferent to his objectively serious medical needs. Plaintiff has also cited evidence establishing a genuine dispute of material fact with respect to whether William Hollenbeck, Sebastian County Sheriff and final policymaker with respect to the Sebastian County Detention Center, was deliberately indifferent to Detention Center policies, whether or not facially constitutional, that resulted in any deliberate indifference to Plaintiff's objectively serious medical needs. Finally, Plaintiff has cited evidence establishing a genuine dispute of material fact with respect to whether Hollenbeck ratified unconstitutional conduct by Detention Center personnel as conforming with official policy. For these reasons, summary

judgment is improper for Defendant Sebastian County, Arkansas.

IT IS THEREFORE ORDERED that Defendants' motion (Doc. 51) for summary judgment is GRANTED IN PART and DENIED IN PART. The motion is DENIED insofar as official capacity claims against Defendant Sebastian County, Arkansas remain for trial. The motion is otherwise GRANTED, and all remaining claims are DISMISSED WITH PREJUDICE.

IT IS SO ORDERED this 14th day of May, 2018.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE